FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 02 2016

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | |
| CHRISTOPHER CRAMER (1) | § | CRIMINAL NO. 1:16-CR-26 |
| and | § | (Judge Marcia Crone) |
| RICKY FACKRELL (2) | § | |

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation of 18 U.S.C § 1111
(Murder)

That on or about June 9, 2014, in the Eastern District of Texas, within the special

maritime and territorial jurisdiction of the United States (Federal Correctional Complex,

Beaumont, Texas), **Christopher Cramer** and **Ricky Fackrell**, defendants, aiding and

abetting each other, did, with premeditation and malice aforethought, willfully,

deliberately, and unlawfully kill and murder Leo Johns,

in violation of 18 U.S.C. §§ 1111 and 2.

### Count Two

Violation of 18 U.S.C § 1117
(Conspiracy to Murder)

That from in or about March 2014, the exact date remaining unknown to the Grand

Jury, and continuing thereafter up to and including on or about June 9, 2014, in the Eastern

District of Texas, within the special maritime and territorial jurisdiction of the United

1

States (Federal Correctional Complex, Beaumont, Texas), **Christopher Cramer** and

**Ricky Fackrell**, defendants, did knowingly, willfully, and unlawfully conspire and agree

with each other and with other persons unknown to the grand jury to kill, with

premeditation and malice aforethought, Leo Johns,

in violation of   18 U.S.C. §§§  1117, 1111, and 2.

### Overt Acts

In furtherance of the aforesaid conspiracy, and to affect the objects of the

conspiracy, the defendants performed, and caused to be performed, among others, the

following overt acts all within the Eastern District of Texas:

1. On or about a date between March 1, 2014, and March 25, 2014, **Christopher Cramer**, an officer with rank in the Soldiers of Aryan Culture (SAC) prison gang ordered Michael Shelton and other SAC members to "hit" Leo Johns;

2. On or about a date between May 2, 2014, and June 9, 2014, following Michael Shelton's temporary confinement in the Special Housing Unit (SHU) of the United States Penitentiary (USP), **Christopher Cramer** ordered **Ricky Fackrell** to "hit" Leo Johns;

3. On or about a date between May 2, 2014 and June 9, 2014, **Christopher Cramer** and **Ricky Fackrell** met with each other, and with other members of the conspiracy, to discuss the necessity to murder Leo Johns and the means in which the murder would occur;

4. On or about a date between May 2, 2014, and June 9, 2014, Michael Shelton, after being released from the SHU at the USP, met with other members of the conspiracy to discuss the necessity to murder Leo Johns and the means in which the murder would occur;

5. On or about a date between May 2, 2014, and June 9, 2014, defendants obtained weapons to use in the murder of Leo Johns;

2

6.      On or about a date between May 2, 2014, and June 9, 2014, defendants organized a plan to commit the murder of Leo Johns;

7.      On or about a date between May 2, 2014, and June 9, 2014, defendants decided on the respective roles each would play in the actual act of murder;

8.      On or about a date between May 2, 2014, and June 9, 2014, members of the conspiracy agreed to have one or more of their number act as a "look-out" in the FCI Beaumont prison unit to ensure the murder was successful.

## Notice of special findings-Christopher Cramer

The allegations contained in Count One of this indictment are hereby re-alleged and

incorporated by reference as if fully set forth herein.

As to Count One, the defendant, **Christopher Cramer**:

1.      Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2.      Intentionally killed the victim.   (18 U.S.C. § 3591(a)(2)(A));

3.      Intentionally inflicted serious bodily injury that resulted in the death of the victim.   (18 U.S.C. § 3591(a)(2)(B));

4.      Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act.   (18 U.S.C. § 3591(a)(2)(C));

5.      Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.   (18 U.S.C. § 3591(a)(2)(D));

All pursuant to 18 U.S.C. § 3591.

The allegations contained in Count One of this indictment are hereby re-alleged and

incorporated by reference as if fully set forth herein.

As to Count One, the defendant, **Christopher Cramer**:

6.     has previously been convicted of a federal or state offense, punishable by a
       term of imprisonment of more than one year, involving the use or attempted
       or threatened use of a firearm against another person.  (18 U.S.C. §
       3592(c)(2));

7.     committed the offense in an especially heinous, cruel, or depraved manner
       in that it involved torture or serious physical abuse to the victim.
       (18 U.S.C. § 3592 (c)(6));

8.     committed the offense after substantial planning and premeditation to cause
       the death of a person.  (18 U.S.C. § 3592 (c)(9)).

All pursuant to 18 U.S.C. § 3592.

### Notice of special findings—Ricky Fackrell

The allegations contained in Count One of this Indictment are hereby re-alleged and

incorporated by reference as if fully set forth herein.

As to Count One, the defendant, **Ricky Fackrell**:

1.     Was 18 years of age or older at the time of the offense.  (18 U.S.C. §
       3591(a));

2.     Intentionally killed the victim.   (18 U.S.C. § 3591(a)(2)(A));

3.     Intentionally inflicted serious bodily injury that resulted in the death of the
       victim.   (18 U.S.C. § 3591(a)(2)(B));

4.     Intentionally participated in an act, contemplating that the life of a person
       would be taken or intending that lethal force would be used in connection
       with a person, other than one of the participants in the offense, and the victim
       died as a direct result of the act.  (18 U.S.C. § 3591(a)(2)(C));

5.     Intentionally and specifically engaged in an act of violence, knowing that

the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.   (18 U.S.C. § 3591(a)(2)(D));

All pursuant to 18 U.S.C. § 3591.

The allegations contained in Count One of the indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count One, the defendant **Ricky Fackrell**:

6.     has previously been convicted of a federal or state offense, punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person.   (18 U.S.C. § 3592(c)(2));

7.     has previously been convicted of two or more federal or state offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving infliction of, or attempted infliction of serious bodily injury or death upon another person.   (18 U.S.C. § 3592(c)(4));

8.     committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim. (18 U.S.C. § 3592 (c)(6));

9.     committed the offense after substantial planning and premeditation to cause the death of another person.   (18 U.S.C. § 3592 (c)(9)).

All pursuant to 18 U.S.C. § 3592.

A TRUE BILL

_____

GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____

JOHN A. CRAFT
ASSISTANT UNITED STATES ATTORNEY

6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | |
| CHRISTOPHER CRAMER | § | CRIMINAL NO. 1:16-CR-26 |
| and | § | (Judge Marcia Crone) |
| RICKY FACKRELL | § | |

## Notice of Penalty

### Count One

Violation:          18 U.S.C. § 1111 (Murder)

Penalty:          Death or imprisonment up to life, a fine not to exceed $250,000, or
both; and a term of supervised release of not more than five (5)
years.

Special Assessment: $100.00

### Count Two

Violation:          18 U.S.C. § 1117 (Conspiracy to murder)

Penalty:          Imprisonment up to life, a fine not to exceed $250,000, or both; and
a term of supervised release of not more than five (5) years.

Special Assessment: $100.00

7