**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Number 1:16-CR-26(1) |
| | § | (Judge Crone) |
| CHRISTOPHER EMORY CRAMER | § | |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT OR STRIKE NON-STATUTORY AGGRAVATING FACTORS FROM GOVERNMENT DEATH NOTICE**

TO THE HONORABLE JUDGE MARCIA CRONE:

Comes now, CHRISTOPHER EMORY CRAMER, defendant in the above-entitled and numbered criminal action, by and through undersigned counsel and moves this Honorable Court, to either (1) dismiss the indictment or (2) strike the non-statutory factors from the government's death notice. Counsel asks this Court for this relief on grounds that the government failed to present these non-statutory aggravating factors to the grand jury, and therefore, these factors are not alleged in the indictment against Mr. Cramer in violation of the Fifth, Sixth, and Eighth Amendments.

*Background*

The government has alleged the following non-statutory factors in its Notice of Death against Mr. Cramer:

1. Future Dangerousness including allegations of a continuing pattern of violence, institutional misconduct, lack of remorse, low likelihood of rehabilitation, and membership in racist prison gangs;

2. Victim Impact – an allegation that Mr. Cramer caused loss, injury, and harm to the victim and victim's family;

3. Vulnerable Victim – an allegation that the victim was particularly vulnerable because he was locked in his cell block and without means to defend himself

The indictment against Mr. Cramer lists only the charged offense and statutory

aggravating factors.

**When the Jury Must Find the Existence of an Aggravating Factor Beyond a Reasonable Doubt, the Factors are Viewed as Elements of the Offense**

The Supreme Court has found that aggravating factors "operate as the functional equivalent of an element of a greater offense." *Ring v. Arizona*, 536 U.S. 584, 609 (2002). "Capital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Ring v. Arizona*, 536 U.S. 584, 589 (2002). Non-statutory aggravating factors just like statutory aggravating factors are designed to aggravate punishment. Accordingly, the law requires jurors to find both statutory and non-statutory aggravating factors beyond a reasonable doubt. 18 USC§ 3593(b), (e).

**An Element of an Offense Must Be Presented to Both the Grand Jury and Trial Jury**

Because all aggravating factors have the potential to increase the maximum punishment, they are elements of the offense that must be submitted both to the grand jury and trial jury. The indictment resulting from the grand jury must allege all elements, meaning all facts that could increase the punishment. See *Harris v. U.S.*, 536 U.S. 545, 563 (2002), *overruled on other grounds by Alleyne v. U.S.*, 570 U.S. 99 (2013).[a]

The grand and trial juries form a "'strong and two-fold barrier ... between the liberties of the people and the prerogative of the [government].' *Harris v. U.S.*, 536 U.S. 545, 564 (2002), *overruled on other grounds by Alleyne v. U.S.*, 570 U.S. 99 (2013). *Apprendi v. New Jersey* described what the "the Framers had in mind when they spoke of "crimes" and "criminal prosecutions" in the Fifth and Sixth Amendments: A crime was not alleged, and a criminal

---

1. Counsel concedes that the Fifth Circuit has held that the government does not have to allege non-statutory factors in the indictment. *United States v. Bourgeois*, 423 F.3d 501, 507-508 (5th Cir. 2005) (finding only statutory factors must be alleged in indictment because only statutory factors are relevant to death eligibility).

prosecution not complete, unless the indictment and the jury verdict included all the facts to which the legislature had attached the maximum punishment." *Harris v. U.S.*, 536 U.S. 545, 563 (2002), *overruled on other grounds by Alleyne v. U.S.*, 570 U.S. 99 (2013); *citing Apprendi v. New Jersey*, 530 U.S. 466, 563 (2000).

"This means that any fact essential to punishment must be found by a grand jury before it can be used by the government to justify a death sentence." *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be *charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt." (emphasis added)); *United States v. Cotton*, 535 U.S. 625, 627 (2002) (In federal prosecutions, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum" under *Apprendi* must not only be "submitted to a jury" but also "charged in the indictment."); *Cunningham v. California*, 549 U.S. 270, 278–279 (2007) (rejecting the dissent's view that *Apprendi* did not apply without distinguishing between those aggravators that appeared in the nonexhaustive list of aggravating circumstances provided in the State Rules and those that did not).

Alleging nonstatutory aggravating factors in the indictment is essential to the "heightened reliability" standard applicable to each aggravating factor the jury will consider in deciding whether death is an appropriate punishment. *Gregg v. Georgia*, 428 U.S. 153, 192 (1976). *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

The Government's failure to present the three non-statutory aggravating factors listed in the Death Notice to a grand jury will allow the jury to have three opportunities to consider aggravating factors that have not been subjected to any "heightened reliability" due process

standard required in death cases. This gives Mr. Cramer three more opportunities to receive a death sentence without any protection from the grand jury.

Because the nonstatutory factors are elements of the offense just as the statutory factors are, they must be submitted to the grand jury and alleged in the indictment to satisfy Mr. Cramer's 5th and 6th Amendment Rights to Due Process and an Impartial Jury. To allow a death sentence based on allegations that fail to satisfy the "heightened reliability" standard violates his 8th Amendment Right against cruel and unusual punishment. The Constitution does not allow federal prosecutors to raise factual issues of such enormous importance only before the punishment trial jury, while bypassing the grand jury.

For these reasons, Mr. Cramer respectfully requests that the indictment be dismissed for failure to include non-statutory aggravating factors or, in the alternative, that the government strike these factors from the death notice. The reliability of the fact-finding process will also be enhanced by such a holding and ensure that the circumstances that are critical in sending a defendant to his death were considered by the grand jury.

Respectfully submitted,

/s/ G. Patrick Black
G. PATRICK BLACK
Federal Defender - Eastern District of Texas
110 N. College, Ste. 1122
Tyler, Texas 75702
(903) 531-9233    FAX: (903) 531-9625
State Bar No. 02371200

/s/ Douglas Milton Barlow
DOUGLAS MILTON BARLOW
707 Texas Avenue S, Suite 216D
College Station, Texas 77840
(409) 838-4259   FAX (409) 832-5611
State Bar No. 01753700

*Attorneys for Defendant Christopher Cramer*

**CERTIFICATE OF CONFERENCE**

Pursuant to local rule CV-7(h), the undersigned has conferred with counsel for the government with regards to this motion and the government has indicated they are opposed.

/s/ G. Patrick Black  
G. PATRICK BLACK

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF electronic filing system per Local Rule CV(a)(3) on this the 30th day of November 2017.

/s/ G. Patrick Black  
G. PATRICK BLACK