**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Criminal Number 1:16-CR-26(1) |
| | § | (Judge Crone) |
| CHRISTOPHER EMORY CRAMER | § | |

**MOTION TO (1) STRIKE OR AMEND AGGRAVATING FACTORS FROM
GOVERNMENT'S INTENT TO SEEK DEATH; (2) REQUIRE GOVERNMENT TO
GIVE PROFFER OF EVIDENCE IN SUPPORT OF EACH FACTOR; AND (3) FOR
COURT HEARING TO DETERMINE ADMISSIBILITY OF EVIDENCE AFTER
SUFFICIENT TIME TO CONSIDER AND CHALLENGE EVIDENCE**

TO THE HONORABLE JUDGE MARCIA CRONE:

Comes now, CHRISTOPHER EMORY CRAMER, Defendant in the above entitled and

numbered criminal action, by and through undersigned counsel, and moves this Honorable Court

to either Strike the Alleged Aggravating Factors in the Government's Notice of Intent to Seek the

Death Penalty against Mr. Cramer (Death Notice), or to order the government to amend the Death

Notice with the factual specificity essential to uphold Mr. Cramer's 5th, 6th, and 8th Amendment

Rights. The government's Death Notice lacks sufficient facts for Mr. Cramer to challenge

admissibility on either constitutional or evidentiary grounds.

Additionally, defense counsel moves this court to require the government to submit a

detailed proffer of the aggravating evidence it intends to present, set a briefing schedule to allow Mr.

Cramer sufficient time to consider and challenge the evidence, and then conduct a hearing to

determine the admissibility of the evidence offered to support the aggravating factors.

**Due Process Requires a Factually Specific Death Notice**

The government's failure to factually define its aggravating factor allegations in the Death

Notice deprives Mr. Cramer of a meaningful opportunity to defend himself in violation of his Fifth,

Sixth, and Eighth Amendment constitutional rights. *See In re Gault*, 387 U.S.1, 19-21, 33 (1967) (noting that notice to comply with due process must "set forth the alleged misconduct with particularity" so that the defense can meaningfully confront the evidence); *Gardner v. Florida,* 430 U.S. 349, 358 (1977) (due process principles must be satisfied in the sentencing process); *Simmons v. South Carolina,* 512 U.S. 154, 175, (1994) (O'Connor, J., concurring) (noting due process violation where death penalty based on information which defendant had no opportunity to refute); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (this "meaningful opportunity" is rooted in the Due Process Clause or the Compulsory Process or Confrontation clauses of the Sixth Amendment).

**Adequate notice equips defense counsel to effectively defend against the death penalty**

A death notice serves the same purpose as an indictment: "to sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 764 (1962) (requiring specific identification of facts and circumstances in indictment beyond mere recitation of statutory language); *see also* Fed. R. Crim. Proc. 7(c) (2013). Information relevant to prepare a defense includes the elements of the offense; the time and place; the accused's alleged conduct; and a citation to the statute violated. *U.S. v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008); *U.S. v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); *see also* Fed. R. Evid. 404(b) (requiring reasonable notice of general nature of extraneous acts government intends to offer); Tex. Code Crim. Proc. Ann. art. 37.07 sec. 3(g) (West 2013) (requiring reasonable notice of date, county, and identity of the alleged victim for each unadjudicated extraneous offense the government intends to offer).

**Notice of aggravating factors is as important as notice of charged offense**

Mr. Cramer requires specificity in the government's notice because the jury's decision on whether to sentence Mr. Cramer to death is essentially an element[1] of capital murder. *See Blakely v. Washington*, 542 U.S. 296, 304 (2004) (finding that a jury must find all facts "which the law makes essential to punishment"). If a jury convicts Mr. Cramer, a jury must recommend a death sentence if the aggravating factors found beyond a reasonable doubt "sufficiently outweigh" the mitigating factors. 18 U.S.C. §3593(e) (2013). The current notice deprives Mr. Cramer of the opportunity to confront these factors, which the government must prove beyond a reasonable doubt. 18 U.S.C. section 3593(c).

Requiring specificity and factual support in aggravating factors serves as quality-control so that information presented to a jury carries "heightened reliability"[2] and prevents a jury from randomly deciding on a death sentence. *See Tuilaepa v. California*, 512 U.S. 967, 974-975 (1994); *Gregg*, 428 U.S. at 192; see also *United States v. Friend*, 92 F. Supp. 2d 534, 541-42 (E.D. Va. 2000) (*citing Woodson,* 428 U.S. at 305) (for nonstatutory aggravating factors, the court must look to heightened reliability for both the specificity and factual basis of the allegation [and] whether the factor "passes the necessarily high bar set for aggravating factors").

---

[1] The jury cannot consider mitigating factors or engage in any weighing unless it reaches a unanimous decision that aggravating factors exist beyond a reasonable doubt. 18 U.S.C. section 3593(c)-(e); *see also Ring v. Arizona*, 536 U.S. 584, 602 (2002) ("If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt."). If the jury finds that at least one aggravating actor exists, it must then determine whether the existent aggravating factors "sufficiently outweigh" any existent mitigating factors, or if no mitigating factors exist, whether the existent aggravating factors are sufficient to justify a death sentence. Id. at sec. 3593(d)(3).

[2] An aggravating factor must be relevant and carry "heightened reliability" in its ability to aid the jury in deciding whether death is an appropriate punishment. *Gregg v. Georgia*, 428 U.S. 153, 192 (1976). *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

**"Heightened Reliability" Requires Court as Gatekeeper at Pretrial Hearing**

In order for the court to exercise its mandatory gatekeeping function in assuring that the "heightened reliability" standard of capital cases is met, in addition to requiring factual specificity in the notice, it should adopt the procedures followed in other death penalty cases, and require the government to provide a detailed, informative outline of the evidence of its proposed aggravating factors, set a briefing schedule, and hold a hearing well before trial where the admissibility of the evidence can be tested for admissibility, reliability, and the danger of unfair prejudice.

This reasonable practice is routinely followed by district courts, particularly where, as here, the notice is wholly inadequate. A few examples illustrate the point. *United States v. Williams*, 2013 U.S. Dist. Lexis 45323 (MDPA 2013) (requiring government to establish reliability and probative value of unadjudicated conduct by beginning with detailed informative outline of evidence); *United States v. Hammer*, 2011 U.S. Dist. Lexis 138032 (M.D.P.A. 2013) at *9 (requiring government to produce outline of general nature of evidence it would introduce in support of aggravating factors; "the court's screening of aggravating factors is essential to channeling, directing, and limiting the sentencer's discretion to prevent arbitrary and capricious imposition of the death penalty); *United States v. Lujan*, 530 F.Supp.2d 1224, 1269-1270 (D.N.M. 2008) (ordering government to give defendant written, informative outline on certain statutory threshold findings and aggravating factors to ensure fairness of proceedings in light of death penalty).

Here, the need for a detailed, informational outline is manifest, given both the life-or-death stakes involved, and, as discussed next, the factual deficiencies in the notice. Mr. Cramer moves this court to order the government to amend its notice and provide an informational outline or proffer with specific facts in support of the following vaguely alleged Statutory and Non-Statutory Aggravating Factors. Without times, dates, locations, complainants, witnesses,

and other relevant information, Mr. Cramer cannot defend himself and this court will not have the information it needs to determine whether the government's proposed evidence fails the constitutional requirement for heightened reliability in capital proceedings.

### The Government's Constitutionally Inadequate Notice

The government's notice includes vague, conclusory allegations that will encourage a jury to arbitrarily sentence Mr. Cramer to death. Counsel's arguments regarding the prior conviction statutory factors and victim impact non-statutory factor alleged will be addressed in separate motions.

### I.    *Statutory Aggravating Factors*

To demonstrate the government's lacking notice, counsel has outlined below, in relevant part, the statutory aggravating factor subsection if one exists, the government allegation under each subsection, and the reason this court should strike or order the court to amend each allegation:

### A.  Heinous, cruel, or depraved manner of committing offense

a. 18 USC § 3592(c)(6): "The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim."

b. Government allegation: "Christopher Cramer committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim."

c. *Defendant's Grounds*: The Death Notice does not specify how the alleged murder involved "torture or serious physical abuse to the victim" such that the alleged murder was committed "in an especially heinous, cruel, or depraved manner." Without facts to establish torture or serious physical abuse, not only can Mr. Cramer not defend himself, but any murder may be characterized as heinous, cruel, or depraved. *See Maynard v. Cartwright*, 486 U.S.

356, 364 (1988) (reversing death sentence on jury's finding that murder was "especially heinous, atrocious, or cruel" as "an ordinary person could honestly believe that every unjustified taking of human life is especially heinous"). Failure to give facts in support of this aggravating factor will promote an arbitrary death penalty decision.

d. *Alternative request for information:* Mr. Cramer moves this court to order the government to amend its notice and provide an informational outline or proffer with the following specific facts:

i. Set forth each act that supports the accusation that the alleged offense was committed "in an especially heinous, cruel, or depraved manner" because it involved "torture or serious physical abuse to the victim."

ii. The identity, including name, current address, and phone number, of each witness that the government will call to prove each act.

iii. A detailed and accurate summary of the testimony of each witness identified under subsection ii.

iv. Identification of each exhibit, including documentary evidence, that the government will introduce to prove each act identified in subsection i.

v. A written explanation of how each exhibit identified in subsection v tends to prove the act for which it is offered.

### B. Substantial planning and premeditation

a. 18 USC § 3592(c)(9): "The defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism."

b. Government allegation: "Christopher Cramer committed the offense after substantial planning and premeditation to cause the death of a person."

c. *Defendant's Grounds*: The Death Notice does not specify how Mr. Cramer *substantially* planned or premeditated the offense. Mr. Cramer cannot prepare a defense against a factless allegation. This aggravating factor does not serve its purpose: it neither distinguishes Mr. Cramer's

alleged offense from other murders where the death penalty is not warranted, nor does it guide the sentencer in its death decision. First-degree murder by definition requires premeditation, which of course necessarily includes some degree of planning. But, the notice lacks any facts that support the allegation that Mr. Cramer's alleged murder of Johns involved "substantial" planning. *See United States v. Flores,* 63 F.3d 1342, 1373 (5th Cir. 1995) (construing "substantial" as used in the "substantial planning and premeditation" aggravator "to denote a thing of high magnitude); *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir. 1996) (though "substantial" may have different meanings, here jury would have understood it to mean "a high degree," "considerable," "more than merely adequate"); *United States v. McCullah*, 76 F.3d 1087, 1110-1111 (10th Cir .1996) ("substantial," as used in this aggravating factor, means "considerable"). Most importantly, the notice provides no other information that the alleged planning is rationally distinguishable from the overwhelming majority of murders involving the same of greater level of planning and premeditation that are not authorized for the death penalty.

The government also may not rely on planning or premeditation undertaken by the codefendants for this factor. *United States v. Ebron*, 683 F.3d 105, 152 (5th Cir. 2012).

d. *Alternative request for information:* Mr. Cramer moves this court to order the government to amend its notice and provide an informational outline or proffer with the following specific facts:

i. Set forth each act that supports the accusation that Mr. Cramer "committed the offense after **substantial** planning and premeditation."

ii. For each act listed in support, give a narrative description of each separate act that includes date, time, place, name and identifying information of all defendants, complainants, and witnesses.

iii. The identity, including name, current address, and phone number, of each witness that the government will call to prove each act.

iv.  A detailed and accurate summary of the testimony of each witness identified under subsection iii.

v.   Identification of each exhibit, including documentary evidence that the government will introduce to prove each act identified in subsection i.

vi.  A written explanation of how each exhibit identified in subsection v tends to prove the act for which it is offered.

**C. Future Dangerousness**

a. Future Dangerousness is not listed as an aggravating factor in the Federal Death Penalty Act.

b. Government allegations:

(1) Continuing pattern of violence: Mr. Cramer "has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including, at least, the crimes alleged against defendant in the indictment and the crime of which the defendant was previously convicted as described in sec. B1 and B2 of this Notice

(2) Institutional Misconduct: Christopher Cramer committed repeated acts of institutional misconduct while in the custody of various state and local correction or detention agencies, the United States Bureau of Prisons, or United States Marshall's Service.

(3) Lack of Remorse: Mr. Cramer has demonstrated a lack of remorse for the capital offenses committed in this case, as indicated by defendant's statements and actions during the course of and following the offenses alleged in the indictment.

(4) Low likelihood of Rehabilitation: Mr. Cramer has demonstrated a low potential for rehabilitation as evidenced by his record of institutional misconduct and his longstanding involvement in criminal activities, including, at least, those crimes described in sec. B1 and B2 of this notice leading up to the capital offenses charged in the Indictment.

(5) Membership in racist prison gangs: Mr. Cramer has demonstrated an allegiance to and active membership in gangs in prisons, such organizations falling within the definition of criminal street gangs set forth in 18 USC sec 521(a).

*c. Defendant's Grounds:*

In its Death Notice, the government makes the above-listed series of broad accusations without factual support.

The government fails to allege any specific incidents in support of its claim that Mr. Cramer has shown a "continuing pattern of violence." In fact, while the government alleges a "continuing pattern," the only incidents alleged are the charged offense in the indictment and the previous convictions referenced in Section B of the death notice. Because these factors are duplicative of allegations in both the indictment and in other aggravating factors, this court should strike the "continuing pattern of violence" allegation from this section. This argument will be addressed more in-depth in a separate motion.

Additionally, without alleging which acts demonstrate a "pattern," counsel is powerless to defend against this vague and prejudicial allegation. To demonstrate a "pattern" the government must give defense counsel notice of all acts it intends to offer at trial. *United States v. Lujan*, 530 F.Supp.2d 1224, 1271-1272 (D.N.M. 2008) (requiring government to give notice of crimes it will rely on to support "pattern of violence" aggravator).

Regarding the "Institutional Misconduct" and "Low Likelihood of Rehabilitation" sections of the future dangerousness allegation, the government merely lists federal, state, and local detention or incarceration agencies that could have had custody over Mr. Cramer. Without any facts including date, location, complainant, and witnesses to support the vague accusation of "repeated acts of institutional misconduct," defense counsel cannot meaningfully defend Mr.

Cramer against this vague and prejudicial allegation. Additionally, once the government alleges these disciplinary infractions in the notice, many will likely need to be excluded from evidence because they are not probative of future dangerousness. *United States v. Pleau*, 2013 WL 1673109, at *4 (D.R.I. Apr. 17, 2013) (unpublished) ("Not all disciplinary infractions are sufficiently serious to be relevant to the capital sentencing decision. Indeed, mere 'threatening words' directed at correctional officers are not probative of future dangerousness."); *United States v. Grande*, 353 F. Supp. 2d 623, 634-639 (E.D. Va. 2005) (excluding evidence that, while incarcerated, defendant threw his food tray through door slot, and evidence that he participated in disturbance with other prisoners in jail involving banging on bars and writing graffiti on walls; such evidence "does not speak to" defendant's "tendency to commit criminal acts of violence.").

The notice's allegation regarding Mr. Cramer's lack of remorse under the future dangerousness section should be stricken because this allegation violates his 5th Amendment right and federal statutory right against self-incrimination. Fifth Amendment; 18 U.S.C. sec. 3481. *See Estelle v. Smith*, 451 U.S. 454, 462-63 (1981) ("We can discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned."); *see also United States v. Davis*, 912 F.Supp.2d 938, 946 (E.D. La. 1996) (lack of remorse factor improper because it is difficult to prove and risks treading on defendant's constitutional rights to silence and to rest on the presumption of innocence). Further, the government has failed to give any factual support for its allegation that lack of remorse is shown by the "defendant's statements and actions during the course of and following the offenses alleged in the indictment."

Without alleging any specific gang or Mr. Cramer's alleged involvement, the government merely alleges that he "has demonstrated an allegiance to and active membership in gangs in

prison." As the notice currently stands, the government fails to give any notice of Mr. Cramer's alleged gang affiliation or the manner in which it intends to prove his alleged allegiance or active membership. *See United States v. Grande*, 353 F.Supp.2d 623, 638 (E.D. Va. 2005) (excluding evidence that defendant was part of a gang that engaged in acts of violence; fact was not sufficiently individualized, and general statements about uncharged misconduct by gang would be impossible to cross-examine).

       d. *Alternative request for information*

Mr. Cramer moves this Court to order the government to amend its notice and provide an informational outline or proffer with the following specific facts:

i.     Set forth each act that supports the allegation of Mr. Cramer's future dangerousness.

ii.    For each act listed in support, give a narrative description of each separate act that includes date, time, place, name and identifying information of all defendants, complainants, and witnesses.

iii.   The identity, including name, current address, and phone number, of each witness that the government will call to prove each act.

iv.   A detailed and accurate summary of the testimony of each witness identified under subsection iii.

v.    Identification of each exhibit, including documentary evidence that the government will introduce to prove each act identified in subsection i.

vi.   A written explanation of how each exhibit identified in subsection v tends to prove the act for which it is offered.

### D.    Vulnerable Victim

a.    18 U.S.C. § 3592(c)(11) : "The victim was particularly vulnerable due to old age, youth, or infirmity."

b.    Government allegation: "The victim was particularly vulnerable due to the fact that he was locked in a cell block and devoid of any means with which to defend himself from the

armed defendant."

    c.    *Defendant's Basis for Offer of Proof and Hearing:* As currently alleged, the government's allegation fails to meet the definition of "vulnerable" in 3592(c)(1): "vulnerable due to old age, youth, or infirmity." The notice does not allege any facts about his physical condition rendering him vulnerable. Even assuming this court allows this aggravator, the government must allege specific facts to show how the government intends to prove that the cell block was locked at the time of the offense.

    d.    *Alternative request for information:* Should this court deny Mr. Cramer's motion to strike this allegation, Mr. Cramer moves this court to order the government to amend its notice and provide an informational outline or proffer with the following specific facts:

    i.    Set forth each act that supports the allegation of Johns as a vulnerable victim

    ii.    For each act listed in support, give a narrative description of each separate act that includes date, time, place, name and identifying information of all defendants, complainants, and witnesses.

    iii.    The identity, including name, current address, and phone number, of each witness that the government will call to prove each act.

    iv.    A detailed and accurate summary of the testimony of each witness identified under subsection iii.

    v.    Identification of each exhibit, including documentary evidence that the government will introduce to prove each act identified in subsection i.

    vi.    A written explanation of how each exhibit identified in subsection v tends to prove the act for which it is offered.

### E.  Vague, Inflammatory Language Throughout the Notice

Instead of making factual allegations, the government uses vague, open-ended language throughout this Death Notice including the following statements indicating Mr. Cramer has committed additional misconduct beyond what is listed in the Death Notice: "including, but not

limited to"; "as evidenced by, at least one or more of the following"; and "including, at, least the crimes alleged." Allowing the government to precede its list of allegations with these statements tells jurors that they can invent their own elements if they feel the government has failed to prove a particular factor. *United States v. Ortiz*, 315 F.3d 873, 902-03 (8th Cir. 2002) (noting that open-ended phrases (e.g. "among others" and "for example") could distract the jury from whether the government has provided sufficient evidence on aggravating factor); *see also United States v. Johnson*, 915 F. Supp. 2d 958, 1023 (N.D. Iowa 2013) (striking "including but not limited to" language from aggravator, and permitting government to rely only on five identified incidents of prior misconduct in support of dangerousness). Counsel moves this court to strike these vague, inflammatory statements from the Death Notice and require the government to allege with specific all incidents it intends to offer in support of each aggravating factor.

### A hearing to test relevance and reliability

***The court should set a hearing and require the government to offer evidence in support of each aggravating factor to consider its relevance, potential for prejudice, and whether the "heightened reliability standard is met"***

A court must exclude government evidence of alleged aggravating factors when it is (1) irrelevant; (2) fails to meet the "heightened reliability" standard; or (3) even if relevant, the danger of unfair prejudice to the defendant outweighs probative value. 18 U.S.C. § 3593(c); *Ford v. Wainwright*, 477, U.S. 399, 410-11 (1986). Relevance requires that the evidence offered bear on whether the defendant should live or die—not his generally bad character. 18 U.S.C. § 3593(c); *Gregg v. Georgia*, 428 U.S. 153 (1976). Heightened reliability requires the court to consider whether the evidence is sufficiently reliable in light of the ultimate penalty of death. *See Ford v. Wainwright*, 477 U.S. 399, 410-11 (1986); *Woodson v. North Carolina*, 328 U.S. 280 (1976). Because capital cases do not require risks of prejudice or confusion to *substantially outweigh*

probative value, the court must more carefully weigh the balance of probative value and unfair prejudice in a death penalty case. 18 U.S.C. § 3593(c).

**Court must exclude bad character evidence that is irrelevant to death penalty decision**

The government's presentation of irrelevant and unreliable evidence of misconduct after a capital murder conviction seriously compromises Mr. Cramer's right to an impartial jury that will carry his presumed innocence into the punishment phase. U.S. Const. Fifth and Sixth Amendments; *United States v. Davis*, 912 F. Supp. 938, 948 (E. D. La. 1996). The court must limit the government's attempt to offer evidence relevant only to the defendant's bad character. *Milton v. Procunier*, 74 F.2d 1091, 1097 (5th Cir. 1984) (noting the court must carefully consider unadjudicated conduct allegations to avoid constitutional deficiencies); *see also United States v. Bolden*, 545 F.3d 609, 625 (8th Cir. 2008) (noting with approval the district court's prohibiting the government from offering evidence of the "less relevant aspects" of defendant's criminal history"); *United States v. Pepin*, 514 F.3d 193, 206 (2d Cir. 2008) (affirming exclusion of physical and sexual child abuse evidence that did not relate to capital murder charge, would inflame and distract the jury, requiring a mini-trial); *United States v. Grande*, 353 F. Supp. 2d 623, 634-639 (E.D. Va. 2005) (excluding evidence that, while incarcerated, defendant threw his food tray through door slot, and evidence that he participated in disturbance with other prisoners in jail involving banging on bars and writing graffiti on walls; such evidence "does not speak to" defendant's "tendency to commit criminal acts of violence."); *United States v. Davis*, 912 F. Supp. 938, 945-946 (E.D. La. 1996) (evidence of "threatening rhetoric" too attenuated to be relevant); *United States v. Johnson*, 915 F. Supp. 2d 958, 1014, 1019 (N.D. Iowa 2013), *vacated in part on other grounds*, 764 F.3d 937 (8th Cir. 2014) (defendant's perjury before grand jury and single instance of drug dealing not sufficiently relevant to death sentence to be admissible).

**Past conduct must be sufficiently serious**

Regarding past conduct, only sufficiently serious, violent criminal acts against another person may be relevant to a death penalty decision. 18 U.S.C. § 3593(c). This court should exclude evidence of defendant's prior misconduct, that because of its nature or non-seriousness, is not relevant to gauging the likelihood that defendant would engage in violence in a federal penitentiary. *See United States v. Zant*, 462 U.S. 862, 888 (1983) (standing alone, noncapital convictions do not sufficiently justify a death sentence); *United States v. Peoples*, 74. F. Supp. 2d 930, 933-934 (W.D. Mo. 1999) (Prior burglary conviction did not involve a crime sufficiently serious to serve as a nonstatutory aggravating factor.); *United States v. Sampson*, No. 1:01-cr-10384-LTS, ECF #2507, at 12 (D. Mass. Sept. 26, 2016) (BOP witnesses who dealt with defendant in prison, may not testify to their opinions about his future dangerousness or their fear of him); *United States v. Pleau*, 2013 WL 1673109, at *4-*5 (D.R.I. Apr. 17, 2013) (unpublished) ("Not all disciplinary infractions are sufficiently serious to be relevant to the capital sentencing decision. Indeed, mere 'threatening words' directed at correctional officers are not probative of future dangerousness." . . . "The government does not allege that the burglary involved any violence or threat of violence against the person. Absent such an allegation, this incident is not sufficiently relevant to the determination of whether Pleau should live or die to be considered by the sentencing jury."); *United States v. Basciano*, 763 F.Supp.2d 303, 358 (E.D.N.Y. 2011) ("It is clear that to be a relevant aggravating factor in favor of the death penalty, prior misconduct must be at least a crime, and a grave one of that."); *United States v. Grande*, 353 F. Supp. 2d 623, 634-639 (E.D. Va. 2005) (Although stabbing could be considered individually as aggravating factor, it could not be coupled with a school fight to show a pattern; court also excluded evidence of prior conviction for obstruction of justice and allegations that defendant repeatedly carried a knife where

obstruction conviction was not "highly egregious" because of minimal punishment and knife-carrying allegations were more prejudicial than probative); *United States v. Gilbert*, 120 F.Supp.2d 147, 153-154 (D. Mass. 2000) (excluding as aggravating factors on grounds that allegations were not serious enough where there was no evidence of serious injury where defendant allegedly scalded young, mentally retarded boy with hot water and assaulted husband with kitchen knife).

**Relevance diminishes with age of prior alleged act**

Although counsel does not yet know which prior misconduct the government intends to offer, this court should exclude years-old evidence of misconduct allegations. Remoteness reduces the reliability of testimony about these acts. *See United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980) (noting that Federal Rules of Evidence 609 and 403 require the trial court to consider the age of a conviction when determining its probative value); Fed. R. Evid. 609(b) (suggesting probative weight of prior crimes used to impeach character less reliable once significant time has passed); *United States v. Brown*, 2008 WL 4965152, at *6 (S.D. Ind. Nov. 18, 2008) (striking nonstatutory aggravating factor involving juvenile conviction for reckless shooting with BB gun because of lack of reliability in ten-year-old conviction); *United States v. Jacques*, 684 F.3d 324, 327 (2d Cir. 2012) (affirming court's striking of two, twenty-five year old, unadjudicated rapes from government's death notice); *United States v. Con-Ui*, 2017 WL 783437 (M.D. Pa. Mar. 1, 2017) (allowing documentary evidence but barring testimony about 15 + year-old prison incidents in which defendant conspired to stab four inmates and assaulted another inmate with a metal food tray since incidents were corroborated by defendant's guilty pleas to disciplinary infractions).

**Essential Court Hearing**

The government's current notice fails to give defense counsel any notice of how it intends to prove the alleged aggravating factors. Where the government's notice is insufficient, the court

as gatekeeper should order the government to specify the nature of its evidence in support of each factor to assure that each factor is particularly relevant and carries heightened reliability. Several district courts have held or contemplated the necessity of pre-trial evidentiary hearings for this purpose. *See United States v. Corley,* 519 F.3d 716, 723 (7th Cir. 2008) (court held two-day long hearing to determine reliability of evidence); *United States v. Beckford*, 964 F. Supp. 993, 999-1000 (E.D. Va. 1997) (unadjudicated criminal conduct may only be presented to sentencing jury if government submits detailed proffer of evidence, defendant responds with objections, and court determines pretrial whether it is admissible); *United States v. Basciano*, 763 F. Supp. 2d 303, 344 (E.D.N.Y. 2011) (noting court must screen aggravating factors to prevent arbitrary death sentences); *United States v. Davis*, 912 F. Supp. 938, 949 (E.D. La. 1996) (holding hearing to consider evidence reliability of evidence offered in support of nonstatutory factors, including unadjudicated offenses); *United States v. Williams*, 2013 WL 1335599, at **35, 40 (M.D. Pa. Mar. 29, 2013) (ordering government to submit proffer of evidence to court on future dangerousness victim impact; court will determine after review if evidentiary hearing "to assess the reliability, relevance, probative value, and prejudicial impact of the evidence" is necessary).

The court's rulings regarding reliability and relevance of evidence are essential so that (1) the defendant can prepare for the penalty phase and (2) the court can rule on objections to the notice. Fed. R. Crim. Proc. 57(b); *see also Carlisle v. United States,* 517 U.S. 416, 425–26 (1996).

**Prayer**

Defense counsel moves this court to (1A) strike the above-referenced aggravating factors from the government notice; or (1B) order the government to amend its notice with the above-referenced sufficient facts, including date, time, location, names of witnesses and alleged victims, and a specific description of the alleged conduct; (2) order the government to provide a proffer or

detailed outline of the evidence it intends to present in support of each factor; (3) set a briefing schedule to allow Mr. Cramer sufficient time to consider and challenge the evidence; and (4) set a hearing to determine the admissibility of the evidence offered to support the aggravating factors.

Respectfully submitted,

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW
Attorney for Defendant
485 Milam
Beaumont, TX 77701
(409) 838-4259
FAX: (409) 832-5611
State Bar No. 01753700

/s/ G. Patrick Black
G.  PATRICK BLACK
Federal Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
State Bar Number: 02371200

*Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

Counsel conferred with counsel for the government and the government indicated opposition to this motion.

Respectfully submitted,

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW
Attorney for Defendant
485 Milam
Beaumont, TX 77701
(409) 838-4259
FAX: (409) 832-5611
State Bar No. 01753700

/s/ G. Patrick Black
G.  PATRICK BLACK
Federal Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
State Bar Number: 02371200

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court□s CM/ECF system per Local Rule CV(a)(3) on this the 30th day of November, 2017.  Any other counsel of record will be served by facsimile transmission and first class mail, return receipt requested, on this the 30th day of November, 2017.

Respectfully submitted,

/s/ Douglas M. Barlow
DOUGLAS M. BARLOW
Attorney for Defendant
485 Milam
Beaumont, TX 77701
(409) 838-4259
FAX: (409) 832-5611
State Bar No. 01753700

/s/ G. Patrick Black
G.  PATRICK BLACK
Federal Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
FAX: (903) 531-9625
State Bar Number: 02371200

*Attorneys for Defendant*